IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BRIDGETTE MICHELLE SANFORD,                         PETITIONER

v.                                                  No. 2:09CV69-M-S

MISSISSIPPI DEPARTMENT OF CORRECTIONS              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Bridgette Michelle Sanford for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. Sanford has not responded, and the time for response has expired. For the reasons set forth below, the state's motion to dismiss will be granted and Sanford's petition for a writ of *habeas corpus* dismissed without prejudice for failure to exhaust state remedies.

**Facts and Procedural Posture**[1]

On September 3, 2004, Sanford pled guilty in Desoto County, Mississippi, to Uttering Forgery and was sentenced to serve eight (8) years in the custody of the MDOC, followed by seven (7) years of post-release supervision. On September 20, 2004, Sanford pled guilty to three (3) additional counts of Uttering Forgery in Desoto County, Mississippi, and was sentenced to pay restitution and serve three (3) years of post-release supervision for each count. On December 15, 2008, the Desoto County Circuit Court entered orders revoking post-release supervision in all of the above cases.

On March 15, 2005, Sanford filed a motion for post-conviction collateral relief in Desoto

---

[1] Bridgette Sanford is not in custody of the Mississippi Department of Corrections at this time; she was released from custody on May 27, 2009. She lists her address, however, as the Central Mississippi Correctional Facility in Pearl, Mississippi.

County Circuit Court which was granted on July 20, 2005, and her sentencing order in Cause No. 2004-666 RD was amended to reduce the amount of time she was ordered to serve post-release supervision to conform with statutory law, reducing her post-release supervision to two (2) years. Sanford filed notice on June 1, 2005, to appeal the circuit court decision to the Mississippi Supreme Court. The appeal was dismissed on August 16, 2005, for failure to pay the costs of appeal.

In her habeas petition, Sanford challenges the revocation of her suspended sentences. Sanford has not filed a post-conviction collateral relief motion challenging the revocation. Sanford must first exhaust state remedies before proceeding with federal *habeas corpus* relief. *Horsley v. Johnson,* 197 F.3d 134, 136 (5th Cir. 1999). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker,* 533 U.S. 167, 178-79, 121 S.Ct. 2120, 2127-28 (2001) (citing *O'Sullivan v. Boerckel*, *supra*). Failure to exhaust available state remedies requires dismissal of Sanford's federal habeas corpus petition. 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999).

For these reasons, Sanford's petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of February, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**